SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
    Including Professional Corporations
PAUL F. RAFFERTY, Cal. Bar No. 132266
CHRISTOPHER A. BAUER, Cal. Bar No. 228310
PATRICK J. D'ARCY, Cal. Bar No. 250174
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130
prafferty@sheppardmullin.com
cbauer@sheppardmullin.com
pdarcy@sheppardmullin.com

Attorneys for JOANN PHAM and PORTICO HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PHAM, an individual; and PORTICO HOLDINGS, LLC, a California limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BIANDI, CORP., a California corporation; TOMMY'S T, INC., a California corporation; BQ CREATIONS, LLC, a California limited liability company, QUAN DOAN, an individual; ANH THI DINH, an individual; MINH A. NGUYEN, an individual; TOMMY DU, an individual; AJ UNION, INC., a California corporation; BENAD DESIGNS, an unregistered business entity; TAQ APPARELS, an unregistered business entity; TANKFARM CLOTHING, LLC, a California limited liability company; TEN FOLD, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. SACV 08-00860 JVS (ANx)<br><br>**PRELIMINARY INJUNCTION** |

-1-

# PRELIMINARY INJUNCTION

The parties Joann Pham ("Ms. Pham") and Portico Holdings, LLC ("PHLLC") on the one hand (collectively "Plaintiffs"), and Defendants Biandi, Corp. ("Biandi"); Tommy's T, Inc. ("TTI"); BQ Creations, LLC ("BQ Creations"); Quan Doan ("Doan"); Anh Dinh ("Dinh"); Minh A. Nguyen ("Nguyen"); Tommy Du ("Du"); AJ Union, Inc. ("AJ Union"); Benad Designs ("Benad"); TAQ Apparels ("TAQ"); and Ten Fold LLC ("Ten Fold") (Biandi, TTI, BQ, Doan, Dinh, Nguyen, Du, AJ Union, Benad, TAQ, and Ten Fold are herein referred to collectively as the "Defendants"), and their agents, representatives, and all persons acting in concert or participating with them, have stipulated that the Court shall enter the following Preliminary Injunction pursuant to F.R.C.P. Rule 65(a).

IT IS HEREBY ORDERED that Defendants and their agents, representatives, and all persons acting in concert or participating with them shall be enjoined and restrained from directly or indirectly:

1. Entering into any new transaction, contract, stipulation, agreement, or other arrangement whereby the Defendants become obligated or liable to any natural person, third party, or business entity, however comprised, for any debt or a series of debts if such transaction, stipulation, agreement or arrangement is secured by, encumbers, hypothecates, or transfers any existing or future assets of any of the Defendants;

2. Withdrawing any funds or monies on deposit, whether in a money market account, pass-book savings account, checking account, certificate of deposit, company account, held in trust for a Defendant or Defendants, held in a retirement savings account, or otherwise held for the benefit of any of the named Defendants, except for those withdrawals needed in the ordinary course of business. As used herein, "ordinary course of business" means and refers to payments to landlords on any existing leases, payments to utility companies, ordinary payroll obligations, insurance payments currently due, installments due on equipment leases

or other typical expenses or liabilities incurred in the Defendants' businesses.  As used herein, "ordinary course of business" does not mean and refer to payments of bonuses, expense reimbursements, or other forms of compensation to any Defendants, except as provided in Paragraph 6 below, the repayment of any loan currently owed to any Defendant, natural person, third party, or business entity, however comprised, nor any obligation that refers or relates to Defendants, their agents and assigns, any associated companies related to, owned by or controlled by the individual Defendants, individually or collectively.

   3. Declaring any stock dividend, issuing additional stock, repurchasing any outstanding shares of stock, selling any shares of stock, or causing or participating in any reorganization, recapitalization, restructuring, or change of control of any named Defendant;

   4. Paying any outstanding trade or vendor accounts or debts claimed to be owed to any natural persons, third parties, or business entities, however comprised, where the recipient thereof is related to any named Defendant through blood, marriage, or any ownership interest within any named Defendant, except as provided in Paragraph 14 below;

   5. Diverting, commingling, spending, disposing of, or allocating to or from any Defendant, any rents, assets, issues, proceeds, or profits generated and/or derived from the Defendants' businesses;

   6. Paying themselves directly or indirectly or through any unnamed Defendant any salaries, bonuses, additional stock offerings, stock options, expense reimbursements, or any reimbursements of any kind, except that Defendants Doan, Du and Dinh shall be allowed to take a monthly salary of no more than $4,000.00 (Four Thousand Dollars) each from either Defendant Biandi or Defendant TTI;

   7. Hiring new family members or other blood relatives of any Defendant;

8. Making any further payments of any kind to "Thanh Travel & Services" or any other agency for the purpose of wiring money to any source;

9. Transferring, concealing, destroying, defacing, or altering any of the instruments, documents, ledger cards, books, records, printouts, or other writings or business records related to the Defendants;

10. Committing or permitting any waste, suffering or committing or permitting any act in violation of law, or disposing or removing or encumbering any of the fixtures, improvements, or any of the assets controlled, owned, or held for the benefit of any of the Defendants' businesses;

11. Transferring, conveying, assigning, pledging, deeding, selling, encumbering, changing ownership, vesting title to, or otherwise disposing of any of Defendants' real or intellectual property;

12. Transferring, conveying, assigning, pledging, deeding, selling, encumbering, changing ownership, vesting title to, or otherwise disposing of any of Defendants' personal property with a net salvage value greater than $5,000;

13. Transferring, conveying, assigning, pledging, deeding, selling, encumbering, changing ownership, vesting title to, or otherwise disposing of any of Defendants' interests in any of its intellectual property, including all right, title, and interest to any service marks, trademarks, copyrights, or other types of intellectual property.

14. Notwithstanding anything in Paragraphs 4 and 5 above, Biandi and TTI may pay each other for debts or transactions among them as may be in their ordinary course of business.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in force from the date of its entry as provided in F.R.C.P. 65(a) until the entry of a judgment, dismissal, or further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction will issue without need for an undertaking or bond, and any undertaking or bond issued in

1  conjunction with the Court's August 5, 2008 Temporary Restraining Order is
2  exonerated.  This Preliminary Injunction shall replace and supersede the Court's
3  Temporary Restraining Order issued August 5, 2008.  IT IS FURTHER ORDERED
4  that the hearing of Plaintiffs' preliminary injunction motion set for September 5,
5  2008 is vacated.

7              IT IS SO ORDERED.

9  DATED: August 27, 2008
                                      _____
                                      JAMES V. SELNA
                                      UNITED STATES DISTRICT COURT JUDGE